UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VOLCAN GROUP, INC. d/b/a NETLOGIX, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., a Delaware corporation, as successor by merger to OMNIPOINT COMMUNICATIONS, INC.,,<br><br>Defendants. | CASE NO. C10-711 RSM<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Compel Compliance With Third Party Subpoena and Discovery From Defendant T-Mobile, Dkt. # 74 (Motion to Compel), and Defendant's Motion to Stay Pending Decision on Motion to Dismiss for Spoliation. Dkt. # 76 (Motion to Stay). The Court has reviewed the Motion to Compel and the Motion to Stay, and all documents submitted in support thereof. For the reasons set forth below, the Court GRANTS the Motion to Compel and GRANTS the Motion to Stay.

## I. BACKGROUND

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. This case involves a contract dispute between Plaintiff Volcan Group, Inc., d/b/a Netlogix ("Plaintiff" or "Netlogix") and T-Mobile USA, Inc. ("Defendant"). Defendant hired Plaintiff to perform services in connection with the build out of Defendant's cellular phone network in California, and the parties entered into a written agreement covering that work. Although Plaintiff contends that Defendant breached the written contract by failing to pay the amounts due thereunder, Defendant claims that the parties modified the written contract with respect to pricing, and that pursuant to that modification Plaintiff has been paid all it was owed.

On August 24, 2011, approximately a year and a half after Plaintiff commenced this action, Plaintiff's former Vice President, Jason Dillon ("Dillon"), contacted Defendant's counsel via email to inform them that he had recently resigned from NetLogix. Dkt. # 62 (Grant Decl., Ex. Y (Dillon Email of August 24, 2011)). In the email, Dillon offered to speak with Defendant's counsel "about the facts in this case." *Id*. Defendant's counsel scheduled a phone call with Dillon for the following day, and arranged for a court reporter to transcribe the call. *Id*. at ¶ 44 and Ex. Z (Excerpts From Transcript of August 24 Call). During the call, Dillon allegedly made various statements that, according to Defendant, demonstrate spoliation of evidence and other improper conduct on the part of the Plaintiff. *Id*. at ¶¶ 45-57.

Defendant's counsel subsequently sent Dillon a draft declaration recounting the statements he allegedly made during the call. *Id*. at ¶ 57. After Dillon had an opportunity to

ORDER - 2

review the declaration, Defendant's counsel requested that he participate in a second call on September 16, 2011 to confirm the accuracy of the draft declaration. *Id*. at ¶ 59. For purposes of the second call, Defendant's counsel again arranged for a court reporter to be present, who again transcribed the conversation from the offices of Defendant's counsel. *Id*. at ¶ 59 and Ex. HH (Excerpts of Transcript of September 16 Call). Dillon never signed the draft declaration provided to him by Defendant's counsel.

On October 6, 2011, Defendant filed a motion seeking dismissal of this action as a sanction for Plaintiff's alleged spoliation of evidence. Dkt. # 58 (Spoliation Motion). Although the Spoliation Motion relies heavily upon statements allegedly made by Dillon during the August 24 and September 16 phone calls, Defendant has not provided the Court or opposing counsel with complete transcripts of those calls. Instead, Defendant has provided selected excerpts from the transcripts, portions of which have been redacted. *Id*., Exs. Z and HH (Excerpts From Transcripts of Phone Calls).

Plaintiff subsequently requested that Defendant and the court reporting service produce complete copies of the transcripts, but both refused to do so on the basis of the attorney work product doctrine.[1] On October 13, 2011, Plaintiff moved to compel both the Defendant and the court reporting service to produce the transcripts. Dkt. # 74 (Motion to Compel).[2] On the same

---

[1] To the limited extent that Plaintiff seeks to compel the court reporting service to produce the transcripts in question, the Motion to Compel is DENIED since there is no evidence that Plaintiff served the Motion to Compel upon the court reporting service.

[2] Plaintiff also moves to compel production of personnel files of two T-Mobile employees – Daniel Swain and Jay Meyer. Motion to Compel, at 7-8. Claiming that the personnel files in question contain personal information that is not relevant to the issues in this case, Defendant has offered to produce them for *in camera* review. Defendant is directed to produce the personnel files in question for *in camera* review, as more fully instructed below.

day, Defendant moved to stay all proceedings in this case pending resolution of its Spoliation Motion. Dkt. # 76 (Motion to Stay).

**II. DISCUSSION**

    A.    <u>Motion to Compel</u>

Federal Rule of Civil Procedure 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Here, Defendant does not question the relevancy of the transcripts in question, but instead refuses to produce them on the basis of the attorney work product doctrine. That doctrine is codified in the Federal Rules of Civil Procedure, in pertinent part, as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . [unless the materials] are otherwise discoverable under Rule 26(b)(1) . . . and . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).

Transcripts of interviews conducted by a party's counsel in connection with a lawsuit are normally considered work product, and an opposing party typically is not entitled to them except upon a showing of substantial need and undue hardship. *See*, *e.g.*, C. Wright, A. Miller, M. Kane & R. Marcus, 8 Fed. Practice & Proc., Civil § 2028 (3d ed. 2011) ("[T]he Civil Rules place no limitation on the right of a party to interview and take statements from nonparty witnesses. . . . Like other activities necessary to prepare for trial, obtaining a witness statement is protected, and disclosure in response to a discovery request from another party is warranted only if the required showing is made."). However, "[t]he privilege derived from the work-product doctrine is not

absolute. Like other qualified privileges, it may be waived." *United States v. Nobles*, 422 U.S. 225, 239 (1975).

Plaintiff does not seriously dispute that the transcripts at issue constitute attorney work product. Instead, Plaintiff primarily argues that by relying upon significant portions of the transcripts in support of its Spoliation Motion, Defendant has waived any work product protection that may have existed.[3] The Court agrees. Defendant accuses Plaintiff of "fraud on the Court," intentional destruction of evidence, and falsification of evidence "on an unprecedented scale," *see* Dkt. # 58 (Spoliation Motion, at 3, 17), and in support of those allegations relies heavily upon redacted excerpts from the transcripts in question. To remedy Plaintiff's alleged misconduct, Defendant asks the Court to impose upon Plaintiff the most serious discovery sanction available under the Federal Rules – dismissal. At the same time, Defendant asserts the work product doctrine in an effort to shield from production complete versions of the transcripts.

"'The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.'" *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (*citing Chevron Corp.*

---

[3] In its Surreply, Dkt. # 124 (Surreply), Defendant argues that the Court should not consider arguments regarding waiver of the work-product doctrine, asserting that Plaintiff raised this issue for the first time in its Reply brief. But Plaintiff did raise the issue of work product waiver in its Motion to Compel. *See* Dkt. #74 (Motion to Compel, at 7 ("[W]hatever privilege [sic] material that have applied to the thoughts in Mr. Grant's head, is waived when he announces them to a third party in the form of an oral question to somebody who is not his client.")).

*v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)).[4] As one district court explained within the related context of attorney-client privilege:

> . . . [A] sophisticated party who intentionally discloses the most significant part of an otherwise privileged communication, in an act calculated to advance that party's commercial interests, cannot establish, as the law would require, that the party reasonably believed that it would be able to preserve the confidentiality of the other parts of the communication.

*Electro Scientific v. Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D. Cal. 1997). The same result follows here for the same reason. Although the transcripts in question constituted protected work product at the time they were created, Fed. R. Civ. P. 26(b)(3)(A), Defendant waived that protection by relying upon significant portions of the transcripts in connection with its Spoliation Motion. *Columbia Pictures Indus.*, 259 F.3d at 1196; *Electro Scientific*, 175 F.R.D. at 543. As a result, the transcripts are not subject to work product protection. *Id.*

In formulating a response to the Spoliation Motion, fairness requires that Plaintiff be entitled to review the entirety of the transcripts in question. Accordingly, Defendant is directed to produce the entirety of the unredacted transcripts to Plaintiff. Following its review of the transcripts, Plaintiff shall have an opportunity to submit supplemental briefing on the Spoliation Motion. In the event Plaintiff elects to submit such supplemental briefing, Defendant shall have an opportunity to submit a supplemental reply.

B. Motion to Stay

Defendant requests that the Court stay all proceedings in this matter until the Spoliation Motion – which is potentially case dispositive – is fully resolved. Dkt. # 76 (Motion to Stay).

---

[4] Although *Columbia Pictures* involved waiver of the attorney-client privilege, it is instructive on the issue of work-product waiver, as "[t]he standard for waiving the work product doctrine is no more stringent than the standard for waiving the attorney-client privilege." *Westinghouse v. Republic of Phillipines*, 951 F.2d 1414, 1429 (3rd Cir. 1991).

Plaintiff opposes the Motion to Stay, arguing that it should be denied because no spoliation of evidence occurred. Dkt. # 98 (Response to Motion to Stay).

"The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Accordingly, federal district courts have broad discretion to stay discovery and other proceedings in the interests of justice. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court may, in its discretion, relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990).

Here, the allegations set forth in the Spoliation Motion, if true, could potentially warrant dismissal of this action, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (setting forth factors applicable to case dispositive sanctions), and the Court is convinced that the potential merits of the Spoliation Motion warrant a stay of other motions and proceedings until the Court has had an opportunity to resolve the Spoliation Motion. Accordingly, the Court hereby stays all proceedings in this action other than those directed below, and strikes all pending motions, other than the Spoliation Motion (Dkt. # 58), subject to renewal following resolution of the Spoliation Motion.

### III. CONCLUSION

The Court, having reviewed the pleadings, the Motion to Compel, Motion to Stay, and responses and replies thereto, along with the remaining record, does hereby ORDER:

(1) Plaintiff's Motion to Compel (Dkt. # 74) is GRANTED. By **December 13, 2011 at 5:00 p.m**, Defendant shall produce to Plaintiff unredacted transcripts of the August 24 and September 16 phone calls between Defendant's counsel and Dillon.

(2) Defendant's Motion to Stay (Dkt. # 76) is GRANTED.

(3) All pending motions other than Defendant's Spoliation Motion (Dkt. # 58) are STRICKEN, subject to renewal upon resolution of the Spoliation Motion.

(4) Plaintiff may submit a supplemental response to the Spoliation Motion on or before **December 26, 2011**. In the event Plaintiff submits such a supplemental response, Defendant may submit a supplemental reply on or before **December 30, 2011**.

(5) Oral argument on the Spoliation Motion is scheduled for **January 13, 2012 at 1:30 p.m**.

(6) By **December 16, 2011**, Defendant shall produce for *in camera* review the personnel files of Daniel Swain and Jay Meyer.

Dated: December 9, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE